In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1384

AUGUSTINE GUTIERREZ,

Petitioner-Appellant,

v.

JAMES M. SCHOMIG,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 5392--Blanche M. Manning, Judge.

Submitted September 28, 2000--Decided November 30, 2000

Before Coffey, Kanne, and Diane P. Wood, Circuit
Judges.

KANNE, Circuit Judge.  Augustine Gutierrez seeks review of the district court's judgment dismissing his petition for a writ of habeas corpus as untimely under 28 U.S.C. sec. 2244(d). This appeal presents a statute of limitations issue that this court has yet to address: whether the time during which a state prisoner can, but does not, file a petition for a writ of certiorari from the denial of his state post-conviction petition tolls the one-year statute of limitation under sec. 2244(d)(2). See Fernandez v. Sternes, 227 F.3d 977, 980 (7th Cir. 2000) (reserving "the question whether time provided for filing a petition or appeal to a higher court is treated as time during which an application is pending, if the time expires without a filing"). We grant Gutierrez's request for a certificate of appealability to address this question. For the reasons that follow, however, we conclude that the one-year limitations period is not tolled during the time a state post-conviction petitioner could have filed, but did not file, a petition for certiorari review in the United States Supreme Court, and thus we affirm the district court judgment.

In August 1993, Gutierrez was convicted on two counts of first degree murder and sentenced to natural life in prison. On January 27, 1995, the Illinois Appellate Court affirmed his conviction. Gutierrez did not file a timely petition for leave to appeal to the Illinois Supreme Court.

Instead, three and a half years later he sought leave to file a late appeal; his motion was denied. Thus, Gutierrez's conviction became final on January 27, 1995--before the Antiterrorism and Effective Death Penalty Act of 1996 injected a statute of limitations provision into the statutes governing collateral attacks.

Gutierrez filed a petition for state post-conviction review in October 1997. His petition was denied, the appellate court affirmed the denial of post-conviction relief, and, on December 2, 1998, the Illinois Supreme Court denied his timely petition for leave to appeal. Gutierrez had ninety days to appeal the Illinois Supreme Court's decision to the United States Supreme Court, but he did not do so. Instead, on August 12, 1999, Gutierrez filed a petition for a writ of habeas corpus in the federal district court.

Judge Manning dismissed Gutierrez's petition, concluding that it was untimely under 28 U.S.C. sec. 2244(d). She reasoned that Gutierrez's one-year clock began ticking on April 24, 1997, the day after the filing grace period for petitioners whose conviction became final pre-AEDPA,/1 see Lindh v. Murphy, 96 F.3d 856, 866 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997); the clock stopped 188 days later, on October 29, 1997, when Gutierrez filed his state post-conviction petition; and it remained stopped while his state petition was pending in the state courts. After an extensive analysis, Judge Manning concluded that the statute of limitations was not tolled during the time Gutierrez could have filed a petition for certiorari review and, thus, the clock resumed ticking on December 2, 1999, when the state supreme court denied his petition for leave to appeal. Accordingly, Judge Manning found that Gutierrez had 441 days of "countable" time and that his petition was therefore untimely under sec. 2244(d).

Gutierrez argues that the ninety days during which he could have filed a certiorari petition to the United States Supreme Court from the denial of his state post-conviction petition tolled the limitations period and, thus, that his petition is timely. This court has not yet decided whether the limitations period for habeas corpus actions is tolled under such circumstances, but several of our sister circuits have answered the question in the negative. See Isham v. Randle, 226 F.3d 691 (6th Cir. 2000); Coates v. Byrd, 211 F.3d 1225 (11th Cir. 2000); Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999); cf. Rhine v. Boone, 182 F.3d 1153 (10th Cir. 1999) (holding that the time during which a properly filed certiorari petition from the denial of

state post-conviction relief is pending does not toll the statute of limitations). We now join the Sixth, Eleventh, and Fifth Circuit Courts in their conclusion, but, as explained below, on a somewhat narrower basis.

Section 2244(d)(1) imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief. Section 2244(d)(2), however, provides that the limitations period is tolled during time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Thus, we must determine whether the 90 days during which a certiorari petition could be filed falls within the language of sec. 2244(d)(2), whether that time period by itself constitutes "a properly filed application . . . [that] is pending."

Put this way the answer is clearly no. Because Gutierrez never filed a petition for certiorari review in the Supreme Court, his potential certiorari petition was never "properly filed." When Congress intended to exclude from the limitations period time during which a pleading could have been filed, it did so explicitly. See, e.g., sec. 2244(d) (1)(A) (The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Here, instead of excluding time a pleading could have been filed, Congress explicitly required a "properly filed" pleading to toll the statute of limitations. Gutierrez did not properly file a petition for certiorari and, thus, the one-year limitations period was not tolled during the time which he could have filed such a petition. Likewise, a petition for certiorari that is not actually filed cannot reasonably be considered "pending." Cf. Fernandez, 227 F.3d at 979 ("But no one would suppose, if a state allows a second collateral attack, that this excludes all time since the prisoner began his first collateral attack, even though nothing at all was 'pending' during the intervening months. Just so, again, with motions to file untimely appeals and applications for discretionary review.").

In general, the courts that have previously addressed this issue reason that state post-conviction review is complete once the state's highest court has ruled. In other words, according to these courts, a petition for certiorari, filed or not, simply does not constitute an "application for State post-conviction or other collateral review." See Isham, 226 F.3d at 695 ("A petition for certiorari to the United States Supreme Court is

not 'post-conviction relief.'"); Coates, 211 F.3d at 1227 ("[A]n application 'for State post-conviction or other review . . . is pending,' 28 U.S.C. sec. 2244(d)(2), only so long as the case is in the state courts."); Rhine, 182 F.3d at 1155 ("The time after which the Oklahoma Court of Criminal Appeals finally denied his post-conviction application until the United States Supreme Court denied his petition for certiorari was not 'time during which a properly filed application for State post-conviction . . . review . . . [was] pending.'"). We need not go so far to resolve the issue, however, and emphasize that we do not address the impact of a properly filed petition for certiorari from the denial of state post-conviction relief on the statute of limitations in habeas corpus actions.

CONCLUSION

For the reasons stated above, we GRANT Gutierrez's request for a certificate of appealability and AFFIRM the district court judgment that his petition for a writ of habeas corpus is untimely.

FOOTNOTES

/1 We express no opinion on the propriety of using the day after the Lindh grace period expired as the first countable day for purposes of the statute of limitations. But see Fernandez, 227 F.3d at 978 ("Fernandez was convicted before sec. 2244(d) came into being . . . . We therefore treat April 24, 1996, as the beginning of his year to seek federal collateral review."). The government did not argue the issue in the district court and, therefore, waived it on appeal.