# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

January 22, 2001

## Before

**Hon.** RICHARD A. POSNER, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** MICHAEL S. KANNE, Circuit Judge

| | |
|---|---|
| SHAWN OWENS,<br>    *Petitioner-Appellant*,<br><br>**No.** 00-1521          **v.**<br><br>WILLIAM E. BOYD, Warden,<br>Western Illinois Correctional Center,<br>    *Respondent-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 99 C 5366<br>Charles P. Kocoras,<br>*Judge*. |

## Order

The opinion of this court issued on December 19, 2000, is amended as follows:

Replace this language at page 2 of the slip opinion:

For Shawn Owens, who has been convicted of murder and sentenced to 50 years in prison, the conclusion of direct review occurred on June 30, 1997, when the state's appellate court affirmed his conviction and sentence. See *Gutierrez v. Schomig*, No. 00-1384 (7th Cir. Nov. 30, 2000) (time begins with final decision, not on the later expiration of the time to seek additional review).

With this language:

> For Shawn Owens, who has been convicted of murder and sentenced to 50 years in prison, the conclusion of direct review occurred on August 5, 1997, thirty-five days after the state's appellate court affirmed his conviction and sentence. See Ill. Sup. Ct. R. 315(b) (allowing a maximum of 35 days to file a petition for leave to appeal to the state's highest court). Cf. *Gutierrez v. Schomig*, 233 F.3d 490 (7th Cir. 2000) (holding that the approach of §2244(d)(1)(A), which includes time for seeking additional review on direct appeal, does not apply to §2244(d)(2), which deals with time devoted to seeking collateral relief in state court).

Replace this language at page 6:

> Affirmance of Owens's conviction in June 1997 starts the time under §2244(d)(1)(A).

With this language:

> Section 2244(d)(1)(A) started the clock on August 5, 1997, when the time to ask the state's supreme court to review the conviction expired.