

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2001

# Stokes v. District Attorney of Philadelphia

Precedential or Non-Precedential:

Docket 99-1493

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"Stokes v. District Attorney of Philadelphia" (2001). *2001 Decisions.* Paper 81.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/81

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed April 17, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-1493

WILLIE STOKES,

      Appellant

v.

THE DISTRICT ATTORNEY OF THE COUNTY OF
PHILADELPHIA; THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 98-cv-05182)
District Judge: Honorable Marvin Katz

Submitted Under Third Circuit LAR 34.1(a)
March 13, 2001

Before: MANSMANN, BARRY and COWEN, Circuit Judges.

(Filed April 17, 2001)

      Mary Gibbons, Esquire
      600 Mule Road, Suite 16
      Holiday City Plaza III
      Toms River, NJ 08758

       COUNSEL FOR APPELLANT

          Donna G. Zucker, Esquire
          Michele S. Davidson, Esquire
          Marilyn F. Murray, Esquire
          Thomas W. Dolgenos, Esquire
          Ronald Eisenberg, Esquire
          Arnold H. Gordon, Esquire
          Lynne Abraham, Esquire
          Office of the District Attorney
          1421 Arch Street
          Philadelphia, PA 19102-1582

           COUNSEL FOR APPELLEES

OPINION OF THE COURT

MANSMANN, Circuit Judge.

Willie Stokes appeals from an or der of the District Court
dismissing his petition for habeas corpus, filed pursuant to
28 U.S.C. 2254, as time-barred. We addr ess an issue of
first impression for our court: Whether Stokes' time to file
a federal habeas corpus petition under 28 U.S.C.
S 2244(d)(1) was tolled under 28 U.S.C. S 2244(d)(2) for the
ninety day period during which Stokes could havefiled a
petition for certiorari in the United States Supr eme Court.
We join all of the other Courts of Appeals to have decided
this issue, holding that the ninety day period during which
a certiorari petition may be filed does not toll the applicable
statute of limitations. Accordingly, we will affirm the order
of the District Court.

I.

On August 21, 1984 Stokes was convicted, following a
jury trial in a Pennsylvania state court, of first degree
murder and possession of an instrument of crime. He was
sentenced to life imprisonment for the murder and to a
concurrent term of years on the weapons count.

Stokes' conviction was affirmed on dir ect appeal in 1986
and the Pennsylvania Supreme Court denied his petition for
allocatur in 1987. Shortly thereafter, Stokes filed a petition

2

for relief under Pennsylvania's Post Conviction Hearing Act, 42 Pa. Const. Stat. S 9541 et seq. (r epealed). Relief was denied in February 1991, and that decision was affirmed by the Pennsylvania Superior Court. Stokes did notfile a petition for allocatur in the Pennsylvania Supr eme Court.

On October 30, 1995, Stokes filed a second post-conviction request for relief pursuant to the Post Conviction Relief Act, 42 Pa. Cons. Stat S 9541 et seq. (1988). Relief was denied on January 3, 1996 and the denial was affirmed on December 26, 1996 by the Pennsylvania Superior Court. Allocator was sought and was denied by the Pennsylvania Supreme Court on July 2, 1997.

Stokes filed the petition for writ of habeas corpus underlying this appeal on September 30, 1998. The United States Magistrate Judge concluded that Stokes' petition was time-barred under the provisions of 28 U.S.C. S 2244(d)(1) and that Stokes had failed to establish any circumstance warranting application of equitable tolling. The District Court adopted the report and r ecommendation of the Magistrate Judge, dismissed the petition as time-barred, and denied a certificate of appealability.

Stokes filed a timely appeal. On September 14, 2000 we granted a certificate of appealability as to the limitations issue posed by Stokes' petition. This issue is one of statutory construction subject to plenary review.

II.

In the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by adding a one year statute of limitations for the filing of habeas corpus petitions. Section 2244(d)(1) provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

3

* * * *

(2) The time during which a properly filed application for state post-conviction or other collateral r eview with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Although the statute itself did not provide for one, most courts of appeals, including ours, implied a one year grace period for petitioners whose convictions becamefinal before the effective date of the AEDPA. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Because Stokes' conviction became final in 1987, he was entitled to the grace period and, on the basis of that grace period alone, would have been required to file his section 2254 petition on or before April 23, 1997.

This April 23, 1997 date is not controlling her e, however, because when the AEDPA amendments became ef fective, Stokes was actively pursuing a state collateral action. As a result, his time for filing the federal habeas petition at issue here was tolled under 28 U.S.C. 2244(d)(2), so long as the state petition was pending. As the defendants note,"[T]he question here is when the [state collateral proceeding] ceased to be `pending.' "

According to the defendants, that state pr oceeding ceased to be pending on July 2, 1997, the date on which the Pennsylvania Supreme Court denied Stokes' petition for allocator. Under this view, Stokes then had one year -- until July 1, 1998 -- to file the federal habeas petition. Stokes' petition was not filed until September 30, 1998.

Stokes takes a different view, contending that the state proceeding should be deemed to have been pending for an additional ninety days after the Supreme Court of Pennsylvania declined to grant discretionary r eview -- these ninety days being the period during which he could have sought further review by the United States Supr eme Court.

III.

Although we have yet to address the precise question

posed here,1 we do not find ourselves in uncharted legal territory. Arguments similar to the one raised here by Stokes have been considered by a number of our sister courts of appeals. These courts have concluded, without exception, that the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. S 2244(d)(2). See Snow v. Ault, 238 F.3d 1033 (8th Cir. 2001); Gutierrez v. Schomig, 233 F.3d 490 (7th Cir. 2000), petition for cert. filed, (U.S. Jan. 19, 2001) (No. 00-1384); Isham v. Randle, 226 F .3d 691, 695 (6th Cir. 2000), cert. denied, ___ S. Ct. ___, 2001 WL 76698 (U.S. Feb. 26, 2001) (No. 00-8222); Coates v. Byr d, 211 F.3d 1225, 1227 (11th Cir. 2000), cert. denied , ___ S. Ct. ___, 2001 WL 138154 (U.S. Feb. 20, 2001) (No. 99-12642); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir . 1999), cert. denied, 529 U.S. 1099 (2000); Rhine v. Boone, 182 F .3d 1153, 1155 (10th Cir. 1999), cert. denied, 528 U.S. 1084 (2000). We now join these courts of appeals and conclude that Stokes' petition was properly dismissed as time-barr ed.

We reach this conclusion for several r easons. First, we note that the language used in section 2244(d)(1)(A) differs from that found in section 2244(d)(2). "[U]nlike S 2244(d)(1)(A), which uses the phrase `became final by . . . expiration of the time for seeking [direct] . . . review,' a phrase that . . . takes into account certiorari pr oceedings, S 2244(d)(2) contains no such language." Snow v. Ault, 238

_____

1. In our decision in Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000), we concluded that "pending" as that word is used in section 2244(d)(2) includes the time during which a petitioner seeks discretionary state court review, whether or not review is sought. Our holding in that case was tied to finality for purposes of habeas r eview: "If [the petitioner] had
attempted to seek federal habeas relief while there was still time to seek allowance of appeal, the petition would be dismissed for failure to exhaust state remedies." Id. at 422. In Schwartz, we specifically reserved for another day the issue which we confront in this appeal: "We need not delve into the issue whether `pending' includes the time to file a petition
for writ of certiorari in the United States Supr eme Court because that question is not presented by this appeal. Other courts have addressed this issue and find that the time does not toll." Id. at n.5.

F.3d at ___ (citation omitted). W e agree with the Court of
Appeals for the Sixth Circuit:

> [I]t seems clear that Congress intended to exclude
> potential Supreme Court review as a basis for tolling
> the one year limitations period. See Hohn v. United
> States, 524 U.S. 236, 249–50 (1998) (observing that by
> including particular language in one section of an act
> but omitting it in another section of the same act, it is
> presumed that Congress intended to exclude the
> language).

Isham v. Randle, 226 F.3d at 695. This reading of section
2244(d)(2) is consistent with the requir ement that a
petitioner exhaust state remedies prior to instituting a
federal habeas petition. "Such exhaustion does not include
seeking certiorari from the state court's denial of post-
conviction relief." Snow v. Ault, 238 F.3d at ___.

The result is also consistent with our pr ecedent
construing section 2244(d)(2). In Jones v. Morton, 195 F.3d
153 (3d Cir. 1999), we considered whether a pending
properly filed habeas petition tolls the statute of limitations
under section 2244(d)(2) for purposes of filing a subsequent
federal habeas petition.2 W e concluded that it does not:

> Congress clearly intended that the word"State" would
> be read to modify both "post conviction" and "other
> collateral review" so that tolling would be afforded
> under S 2244(d)(2) for various forms of state review
> only. We find nothing in S 2244(d)(2)'s language or
> legislative history, and nothing in the policy concerns
> behind AEDPA's enactment to suggest a contrary
> result.

Id. at 159. Our conclusion in Jones supports the
conclusion here that the statute of limitations was not

---

2. There is a split in the circuits with regard to the issue decided in
Jones. This split is highlighted in Walker v. Artuz, 208 F.3d 357 (2d Cir.
2000), cert. granted in part by Duncan v. W alker, 121 S. Ct. 480 (2000).
The Supreme Court has agreed to deter mine whether a prior federal
habeas corpus petition is an "application for State-post-conviction or
other collateral review" within the meaning of 28 U.S.C. S 2244(d)(2).

6

tolled during the period when Stokes could have sought review in the Supreme Court.

Finally, we note the reasoning undertaken by the Court of Appeals for the Seventh Circuit in Gutierrez v. Schomig, 233 F.3d 490 (7th Cir. 2000). Ther e, the Court of Appeals held, as we do here, that the ninety days during which a petitioner could have filed a petition for certiorari in the United States Supreme Court did not toll the limitations period set forth in section 2244(d)(2). The Seventh Circuit's holding was narrower than the holdings of other courts to have considered this issue. The court in Gutierrez wrote:

> Section 2244(d)(2) . . . provides that the limitations period is tolled during the time that "a pr operly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."
>
> * * * *
>
> Because Gutierrez never filed a petition for certiorari review in the Supreme Court, his potential certiorari petition was never "properly filed." . . . [I]nstead of excluding time a pleading could have been filed, Congress explicitly required a "pr operly filed" pleading to toll the statute of limitations. Gutierrez did not properly file a petition for certiorari and, thus, the one-year limitations period was not tolled during the time [in] which he could have filed such a petition. Likewise, a petition for certiorari that is not actually filed cannot reasonably be considered "pending."

233 F.3d at 491–92.

Stokes, like Gutierrez, never filed a petition for certiorari. Consequently, the reasoning underlying the decision in Gutierrez applies here as well, pr oviding an alternate ground for our conclusion that Stokes' petition for a writ of habeas corpus was properly dismissed as untimely.

IV.

For the foregoing reasons, we hold that the ninety day period during which a state prisoner may file a petition for

7

a writ of certiorari in the United States Supr eme Court from the denial of his state post-conviction petition does not toll the one year limitations period set forth at 28 U.S.C. S 2244(d)(2). Accordingly, we will affirm the order of the District Court.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit

8