# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3413SI

_____

| | | |
|---|---|---|
| Kenneth M. Flanders, | * | |
| | * | |
| Appellant, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Southern District |
| | * | of Iowa. |
| L. W. Graves, Warden, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 14, 2002

Filed: August 16, 2002

_____

Before WOLLMAN, RICHARD S. ARNOLD, and LOKEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Kenneth Flanders appeals the District Court's[1] dismissal of his petition for writ of habeas corpus as time-barred by the one-year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244 (d)(1). Mr. Flanders contends that because he is "actually innocent," the one-year statute of

_____

[1]The Hon. Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

limitations should be equitably tolled. We disagree and affirm the decision of the District Court.

I.

The petitioner was charged with kidnaping, sexual abuse, and robbery for his involvement in an abduction and attempted rape that occurred on September 22, 1993. A jury returned a verdict of guilty on all counts, and the petitioner was sentenced to life in prison without parole. The Iowa Court of Appeals affirmed his convictions for kidnaping and robbery, but merged his conviction for sexual abuse into the kidnaping conviction. See State v. Flanders, 546 N.W.2d 221, 225 (Iowa App. 1996). The petitioner then filed an application for further review in the Iowa Supreme Court. The Iowa Supreme Court denied that application.

The petitioner applied for post-conviction relief in the Polk County District Court on February 18, 1997. On February 6, 1998, that relief was denied. After the Iowa Supreme Court affirmed the denial of post-conviction relief, the petitioner filed an application for writ of habeas corpus in the United States District Court for the Southern District of Iowa. See 28 U.S.C. § 2254. The State of Iowa moved to dismiss the application. It argued that the petition was barred by the one-year statute of limitations set forth in AEDPA. On September 25, 2000, the District Court granted the state's motion to dismiss on that basis. Several days later, the petitioner moved to set aside the dismissal order. He alleged that his "actual innocence" equitably tolled the one-year statute of limitations, which, apart from this contention, would bar the petition. On September 14, 2001, the District Court reaffirmed its order dismissing the petition. The District Court granted a certificate of appealability on the issue of whether the petitioner's allegations of actual innocence could excuse the untimeliness of his petition.

-2-

II.

The statute of limitations contained in AEDPA provides that: "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). We have recognized that this statute is subject to the doctrine of equitable tolling. See Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001). Equitable tolling may provide an individual relief from a statute of limitations in certain "extraordinary circumstances." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 122 S. Ct. 145 (2001). "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). These circumstances usually include only those that are "external to the petitioner." Jihad, 267 F.3d at 806. For example, the one-year statute of limitations may be tolled in situations when a defendant's conduct has "lulled the plaintiff into inaction," or when circumstances over which a prisoner has no control make it impossible to file a timely petition. Kreutzer, 231 F.3d at 463. In the past, we have declined to address the question of whether a petitioner's "actual innocence" is a circumstance sufficient to toll the statute of limitations. See United States v. Lurie,[2] 207 F.3d 1075, 1077 n.4 (8th Cir. 2000). Today, we hold that it is not, at least in the circumstances of this case.

Petitioner points out that "actual innocence" does, in some cases, excuse or obviate certain procedural obstacles to the consideration of petitions for habeas

---

[2]Other circuits have similarly found it unnecessary to decide this issue. See In re Roe, 257 F.3d 1077, 1081 (9th Cir. 2001); Christensen v. Hines, 2001 W.L. 237366 (10th Cir. 2001); Lucidore v. New York State Division of Parole, 209 F.3d 107, 113-14 (2d Cir.), cert. denied, 531 U.S. 873 (2000); Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000).

corpus on their merits. There is, for example, a judge-made doctrine under which certain procedurally defaulted claims are not open for consideration on their merits in a habeas proceeding unless the petitioner can show cause for his failure to raise these claims properly in state-court proceedings, and prejudice resulting from their not having been raised. To this doctrine the Supreme Court has added actual innocence as an exception. That is, a petitioner who can show actual innocence can get his constitutional claims considered on their merits even if he cannot show cause and prejudice. See generally Murray v. Carrier, 477 U.S. 478, 496 (1986). In such cases, the concept of actual innocence is used as a "gateway," that is, actual innocence, if it can be shown, opens the gate to consideration of constitutional claims on their merits, claims that would otherwise be procedurally barred. In similar fashion, actual innocence has also been available to allow consideration of the merits of successive claims. See Sawyer v. Whitley, 505 U.S. 333 (1992); Kuhlmann v. Wilson, 477 U.S. 436 (1986).

These doctrines, allowing the use of actual innocence for certain procedural purposes, are now partially codified in AEDPA. 28 U.S.C. § 2244(b)(2)(B)(ii). Petitioner argues that these doctrines, which excuse some types of procedural defaults, should likewise excuse his failure to file his petition within the period fixed by Act of Congress, a failure which he characterizes as a similar "procedural default." We cannot agree with this assertion, at least as a broad concept. We are dealing here with a statute. It is our duty to apply statutes as written. The statute fixes a one-year period of limitations, and says nothing about actual innocence, even though other parts of AEDPA, enacted at the same time, do refer to this doctrine. Compare 28 U.S.C. § 2244(d)(1), with 28 U.S.C. § 2244(b)(2)(B)(ii). It is not our place to engraft an additional judge-made exception onto congressional language that is clear on its face.

It is true that, in some cases, equitable tolling has been applied to limitations periods despite the fact that statutes creating them do not expressly refer to the

equitable-tolling doctrine. Normally, though, as we have said, equitable tolling applies only when some fault on the part of a defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay. None of that can be said in this case. Petitioner does not claim that anything respondents have done made it impossible or difficult for him to uncover the facts that he now claims establishes actual innocence. Indeed, he does not refer us to any circumstances, attributable to the defendants or to any other cause, that prevented him, in the exercise of reasonable diligence, from discovering these facts soon enough to enable him to bring a timely habeas petition. In sum, petitioner does not claim that wrongdoing on the part of the State of Iowa prevented him from filing a timely petition, nor does he show why he did not assert his claim within the one-year statute of limitations. To allow an assertion of actual innocence to excuse the running of the statute in such circumstances would take the equitable-tolling doctrine far from its original and legitimate rationale.

We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations. The petitioner in this case, Mr. Flanders, has made no such showing. Accordingly, the District Court was correct in dismissing his petition as barred by the one-year statute of limitations contained in AEDPA, and the judgment of that Court is

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.