# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 03-2076

JERMAINE GILDON,

*Petitioner-Appellant,*

v.

EDWIN R. BOWEN, Warden,

*Respondent-Appellee.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 C 1613—**Milton I. Shadur**, *Judge.*

———————

ARGUED MAY 26, 2004—DECIDED SEPTEMBER 30, 2004

———————

Before BAUER, POSNER, and COFFEY, *Circuit Judges.*

BAUER, *Circuit Judge.* Petitioner-Appellant, Jermaine Gildon, brought this habeas corpus claim under 28 U.S.C. § 2254 challenging his Illinois state conviction for first-degree murder. The district court dismissed the petition as being untimely under the one-year period of limitations pursuant to 28 U.S.C. § 2244(d). Gildon appeals.

## I.  Background

Gildon was tried by a jury in the Circuit Court of Will County, Illinois. He was convicted of first-degree murder and sentenced to thirty years of imprisonment. His direct appeal resulted in the state court affirming his conviction and it became final on July 5, 2000. Gildon then filed a post-conviction petition which was denied on December 14, 2000. A Petition for Leave to Appeal was denied on April 3, 2002. The Illinois Supreme Court's mandate issued on May 1, 2002. Gildon did not file a petition for writ of certiorari with the Supreme Court.

Gildon next filed an undated, *pro se* federal habeas corpus petition under 28 U.S.C. § 2254, which was file-stamped by the Clerk of the Northern District of Illinois on March 5, 2003. On March 11, 2003, the district court *sua sponte* dismissed the habeas petition as untimely, relying on 28 U.S.C. § 2244(d)(1)(A), 28 U.S.C. § 2244(d)(2), and *Gutierrez v. Schomig*, 233 F.3d 490 (7th Cir. 2000). On March 24, 2003, Gildon's motion to Alter and Amend Judgment was filed and denied. This court granted a certificate of appealability on July 21, 2003, allowing appeal on the following issues: (1) whether the district court erroneously dismissed the Petitioner's petition for habeas corpus on timeliness grounds, (2) whether Petitioner was denied an impartial jury when a juror failed to disclose on voir dire that she had a familial relationship with the victim and a hostile relationship to the Petitioner's family, (3) whether Petitioner was denied a fair trial when the only witness to identify him recanted his testimony, (4) whether Petitioner received ineffective assistance of counsel based on counsel's failure to object to certain damaging testimony, and (5) whether Petitioner is innocent and is entitled to relief under 28 U.S.C. § 2254.

Additional facts will be discussed within the discussion portion of this opinion as necessary.

## II.  Discussion

### A.  *Does the Supreme Court's decision in* Clay v. United States *overrule this court's decision in* Gutierrez v. Schomig?

Gildon's first argument claims that his petition was timely because his state post-conviction petition was pending during the time that he could have, but did not file a petition for writ of *certiorari* to the Supreme Court from the denial of his Petition for Leave to Appeal to the Illinois Supreme Court. In making this argument, Petitioner asks that we reverse our earlier holding that the period of limitations under 28 U.S.C. § 2244(d) "is not tolled during the time a state post-conviction petitioner could have filed, but did not file, a petition for *certiorari* review in the United States Supreme Court." *Gutierrez*, 233 F.3d at 490. Gildon claims that *Clay v. United States*, 537 U.S. 522 (2003), demonstrates that *Gutierrez* was wrongly decided.

*Clay* dealt with the one-year period of limitations provision under 28 U.S.C. § 2255. The relevant portions of that provision read "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . (1) the date on which the judgment becomes final." 28 U.S.C. § 2255. The Court held that a direct appeal is "final" when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filling a certiorari petition expires." *Clay*, 537 U.S. at 527.

28 U.S.C. § 2244(d)(2) reads, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Gildon claims that *Clay* requires the period of limitation to be tolled during the time when a petitioner could have, but did not file a petition for writ of certiorari from the denial of their State post-conviction relief. But *Clay* says nothing about a "properly filed" or "pending" petition. Instead, that case discussed "final."

*Clay*, 537 U.S. at 524. However, Gildon claims that *Griffith v. Kentucky*, 479 U.S. 314, 321 (1987), which was cited with approval in *Clay*, used the terms "pending" and "final" interchangeably. Therefore, the argument continues, "under the reasoning in *Clay*, the term 'pending' in 28 U.S.C. § 2244(d)(2) should also include the time for filing a petition for certiorari to the United States Supreme Court."

We are not persuaded that *Clay* overruled *Gutierrez*. The cases have almost nothing in common, nor do the statutes at issue; *Clay* dealt with a federal prisoner's habeas petition, Gildon is a State prisoner; the term construed in *Clay* was "final", where here, the term is "pending"; the issue in *Clay* dealt with finality of a direct appeal, while here, we ask whether a properly filed post-conviction petition was pending. *Clay*, 537 U.S. at 524. Such distinctions are not minor, especially in light of the Supreme Court's statement that "[f]inality is variously defined; like many legal terms, its precise meaning depends on context." *Id.* at 527. Nevertheless, any doubts which we might have habored about the applicability of *Clay* to § 2244(d)(2) are resolved by the legislature's use of the words "properly filed."

Even if *Clay*'s interpretation of "final" in 28 U.S.C. § 2255 can be transferred to interpret the meaning of "pending" in 18 U.S.C. § 2244(d)(2), our decision would remain the same. As *Gutierrez* points out, "[b]ecause [petitioner] never filed a petition for certiorari review in the Supreme Court, his potential certiorari petition was never 'properly filed.' When Congress intended to exclude from the limitations period time during which a pleading could have been filed, it did so explicitly. *See, e.g.*, [28 U.S.C.] § 2244(d)(1)(A)."[1] *Gutierrez*, 233 F.3d at 492. Such a reading comports with the "plain

---

[1] 28 U.S.C. § 2244(d)(1)(A) reads, "[t]he limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

language" rule of statutory construction. *Estate of Cowser v. Comm'r of Internal Revenue*, 736 F.2d 1168, 1171 (7th Cir. 1984) ("It is a common rule of statutory construction that when the plain language of a statute is clear, courts need look no farther than those words in interpreting the statute"). Further, though we need go no further, it is noteworthy that when Congress includes language in one section of a statute, but omits such language in another section, it is presumed that Congress acted intentionally in authoring disparate statutes. *Duncan v. Walker*, 533 U.S. 167, 173 (2001).

Gildon next claims that "consistency and fairness argue strongly for tolling the 1–year limitations period during the 90 day period that petition for writ of certiorari is available to the Petitioner." However laudable the goals, we are primarily concerned with what the legislature intended when it enacted the statute. Any inconsistencies in the period of limitation under 28 U.S.C. § 2244(d) are therefore, an issue for Congress, not the courts.

## B. Equitable Tolling

Before considering the equitable tolling claim, we address a related issue; whether the district court erred when it dismissed *sua sponte* Gildon's petition as being untimely. Since the period of limitations is an affirmative defense, the state has the burden of showing that the petition is untimely. *Acosta v. Artuz*, 221 F.3d 117, 121-22 (2nd Cir. 2000). In our adversary system, it is the usual rule that a court rule on an affirmative defense after the input of the parties. *Id.*, *citing United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J. concurring) ("The rule that points not argued will not be considered is more than just a prudential rule of convenience; it's observance, at least in the vast majority of cases, distinguishes our adversary system of justice from an inquisitorial one."). Nevertheless, the district court may

dismiss a petition *sua sponte* if it appears on its face to be without merit. *Acosta*, 221 F.3d at 122. Although the petition appeared to be untimely, it is difficult to conceive of a situation where a claim of equitable tolling would be clear on the face of the petition. So, we will address Gildon's claim in this respect.

Petitioner argues that he should be allowed to proceed with his habeas claim under the principles of equitable tolling. Equitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Gildon explains that he is entitled to benefit from this doctrine because his application would have been timely if the corrections officers had delivered his mail on time. That story follows.

Gildon's attorney assisted in preparing the habeas application, and on February 11, 2003, the attorney sent the application, via Federal Express, to Gildon.[2] Gildon however, never received the application and his brief states that the correctional center employees never delivered the package. Gildon then says, "[i]f Centralia Correctional Center had delivered the application, petitioner would have clearly had the application on file prior to February 14, 2003." He claims that February 14, 2003 was the day the clock ran out under 28 U.S.C. § 2244(d). He is mistaken.

Gildon arrives at February 14, 2003 as the deadline for filing his habeas claim by claiming that the Illinois Appellate Court's ruling on his post-conviction proceedings was pending until the court issued its mandate. The government, on the other hand, argues that the decision became final on the day the judgment was entered. The issue is important be-

---

[2] Gildon's brief says that the application was sent to him on February 11, 2002, not 2003. We assume that this is a mistake. Nevertheless, neither date will affect the opinion.

cause Gildon cannot meet the equitable tolling require-
ments if the period of limitations expired prior to February
12, 2003, the day that Gildon *should have* received the
habeas application.

State law controls the issue of when a state action if pend-
ing and when it is final. *Wilson v. Battles*, 302 F.3d 745, 747
(7th Cir. 2002). This court has noted in the past that the
judgment of an Illinois Court of Appeals is final on the day
it is entered. *Wilson*, 302 F.3d at 747 (*citing PSL Realty Co.
v. Granite Inv. Co.*, 427 N.E.2d 563, 569-70 (Ill. 1981)). There-
fore, Gildon's State post-conviction proceedings became final
when the judgment was entered. This means that the
period of limitations ran out well before February 14, 2003
which, in turn, means that equitable tolling is unavailable.

### C.  Actual Innocence

Gildon finally attempts to circumvent the constraints of
28 U.S.C. § 2244 by arguing "actual innocence." However,
neither the Supreme Court nor this court has ever applied
the actual innocence exception to overcome the failure to
timely file under § 2244. We find the Eight Circuit's anal-
ysis of this issue in *Flanders v. Graves*, to be persuasive.

> We do not hold that actual innocence can never be rele-
> vant to a claim that the habeas statute of limitations
> should be equitably tolled. For such a claim to be viable,
> though, a petitioner would have to show some action or
> inaction on the part of the respondent that prevented
> him from discovering the relevant facts in a timely
> fashion, or, at the very least, that a reasonably diligent
> petitioner could not have discovered these facts in time
> to file a petition within the period of limitations.

*Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002).

Like *Flanders*, Gildon has not made such a showing and
therefore, the district court did not err in dismissing his
petition as untimely.

### III.  Conclusion

Because we find that the district court did not err in dismissing Gildon's habeas petition as untimely under 28 U.S.C. § 2244(d), we do not address the merits of his claim. The decision of the district court is AFFIRMED.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*