**Ras GREEN, Petitioner–Appellant,**

v.

**Charles L. HINSLEY, Respondent–Appellee.**

No. 03–2657.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 6, 2004.

Decided Oct. 28, 2004.

Before BAUER, COFFEY, and EVANS, Circuit Judges.

## ORDER

Ras Green filed a petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court dismissed the petition as untimely under § 2244(d). Green appeals, arguing that the time to file his petition should have been equitably tolled based on his low IQ and mental deficiencies.

Green was visiting his 87–year–old great-grandmother when he decided to rob and murder her. He stabbed her eleven times and stole $25, her engagement rings, and a color television. Green was subsequently charged with first degree murder and armed robbery. On the murder charge, if certain aggravating factors were established, Green faced a possible death sentence. Because he confessed to both crimes, and the murder was rather brutal and the victim so old, Green was not in a strong position to seriously contest the charges.

During the course of proceedings in the Circuit Court for Cook County, Illinois, Green's counsel moved to suppress the confession. Dr. Michael Kovar was engaged to assess Green's ability to understand his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Dr. Kovar testified at a suppression hearing that Green's IQ was 65, but before the court ruled on the motion to suppress, Green entered into a plea agreement with the state and pleaded guilty to both charges. He was sentenced to life imprisonment for the murder and 30 years' imprisonment for the armed robbery, to be served concurrently.

Green did not appeal (or move to withdraw his guilty plea) but four years later, in 1994, he filed a pro se post-conviction petition in the Illinois Circuit Court, asserting that his counsel was ineffective for failing to request a competency hearing and investigate whether Green could voluntarily and knowingly plead guilty. The circuit court dismissed his petition, and the appellate court affirmed on September 9, 1999, concluding that Green failed to demonstrate that he did not "knowingly and understandingly waive his rights." On August 17, 2000, Green filed a second post-conviction petition in the circuit court asserting that his life sentence violated the Eighth Amendment and that his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The circuit court dismissed his second petition on October 16, 2000, and Green did not appeal.

Green asserts that he did not learn of the denial of his first post-conviction petition until February 14, 2002, when he approached a prison law clerk and asked him how long it usually takes for a case to be decided. After researching the matter, the law clerk discovered that the case had been decided in September 1999 and, furthermore, he asserted that Green had not received notice or a letter from his attorney informing him of his rights to appeal to the Illinois Supreme Court.

On March 13, 2002, Green filed a "Motion for Leave to File a Late Petition for Leave to Appeal" from the Illinois appellate court's dismissal of his first post-conviction petition. The Illinois Supreme Court denied leave to file the late petition on May 29, 2002. Green mailed his habeas corpus petition to the district court on July 31, 2002.

Green's pro se § 2254 petition raised nine claims, including that trial counsel was ineffective for failing to request a competency hearing. The State moved to dismiss the petition as untimely. Green's

conviction predates the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), therefore, his one-year time clock for seeking federal review started running on April 24, 1996. *Gendron v. United States,* 154 F.3d 672, 675 (7th Cir.1998) (per curiam). Because Green had a properly filed post-conviction petition pending in the state court when AEDPA was enacted, the statute of limitations was tolled until the Illinois appellate court denied his petition on September 9, 1999. *See* 28 U.S.C. § 2244(d)(2); *see also Artuz v. Bennett,* 531 U.S. 4, 8–9, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). The district court held that Green's petition was untimely because the Illinois appellate court had dismissed his first petition on September 9, 1999, and he did not file his second post-conviction petition until August 17, 2000 (342 days later). In addition, after his second petition was dismissed on October 16, 2000, Green waited 651 days to mail his § 2254 petition to the district court. The district court refused to equitably toll the limitation period finding that Green's low IQ did not prevent him from filing two post-conviction motions and Green produced no evidence demonstrating that his low IQ caused the more than two year delay in filing his federal petition.

Green appealed, and we granted his request for a certificate of appealability and, in addition to a constitutional issue, directed the parties to address (1) whether Green's low IQ could excuse procedural default and (2) whether his low IQ was grounds for equitably tolling AEDPA's one-year statute of limitations.

### ANALYSIS

Equitable tolling is available when "extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Gildon v. Bowen,* 384 F.3d 883, 886 (7th Cir.2004); *see Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir.1999); *Neverson v. Farquharson,* 366 F.3d 32, 41 (1st Cir.2004) (collecting cases). The petitioner must demonstrate that he "could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Lloyd v. VanNatta,* 296 F.3d 630, 633 (7th Cir.2002); *see Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir.2000).

Green asserts that his low IQ constitutes an extraordinary circumstance that should toll AEDPA's statute of limitations. But Green failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition. And we assume that defendants are competent until proven otherwise. *See United States v. Graves,* 98 F.3d 258, 260 (7th Cir.1996).

Furthermore, Green's petition does not demonstrate that he could not have discovered that his first post-conviction petition was denied in 1999, and we have concluded that the judgment of the Illinois appellate court is final on the day it is entered. *See Gildon,* 384 F.3d 883, 887. But even if we determined that Green did not learn that his first petition was denied until he received the order dismissing his second post-conviction petition, Green waited over two years after his second post-conviction petition was denied to file his § 2254 petition in the district court. Therefore, Green's petition would still be untimely, *see* 28 U.S.C. § 2244(d)(1)(A), and equitable tolling is unavailable, *see Gildon,* 384 F.3d 883, 887.

AFFIRMED.