UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 19, 2006
Decided June 20, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2183

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>*v.*<br><br>RICHARD A. SMITH,<br>*Defendant-Appellant.* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division<br><br>No. 04 CR 6-1<br><br>Milton I. Shadur,<br>*Judge.* |

## O R D E R

Richard Smith was convicted in 1994 of possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), and possession of a firearm by an illegal alien, 18 U.S.C. § 922(g)(5). Both offenses are aggravated felonies under the Immigration and Naturalization Act. *See* 8 U.S.C. § 1101(a)(43)(B), (E)(ii). Smith was sentenced to a total of 33 months' imprisonment. Smith was removed to Belize after his release from prison, but in 2001 he reentered the United States illegally. The following year an Illinois court convicted him of possession of over five kilograms of marijuana and sentenced him to four years' imprisonment. He was paroled in June 2003. In December 2003 he was stopped for a traffic violation and arrested after police discovered he was an illegal alien. Federal authorities promptly charged him with being present in the United States after removal, 8 U.S.C. § 1326(a), and in

February 2005, after a year of delays occasioned by Smith's motion to suppress and three changes of counsel, he pleaded guilty. The district court sentenced him to 64 months' imprisonment—in the middle of the 57- to 71-month guidelines range—and three years' supervised release. Smith appeals, but his appointed attorney (now his fifth lawyer) moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern any nonfrivolous issue. We invited Smith to respond to counsel's motion, *see* Cir. R. 51(b), and he has done so. Our review is limited to the points discussed in counsel's facially adequate brief and Smith's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers arguing that Smith's guilty plea was involuntary and should be set aside because of inadequacies in the plea colloquy. Counsel is correct to evaluate this question because Smith has decided he wants his guilty plea vacated. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). But, as counsel recognizes, our review would be for plain error only because Smith did not seek to withdraw his guilty plea in the district court. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). And, regardless, counsel has not identified any significant shortcoming in the plea colloquy. Counsel notes that the court failed to inform Smith that he could persist with his plea of not guilty, *see* Fed. R. Crim. P. 11(b)(1)(B), but Smith obviously knew as much because the very purpose of the colloquy was to *change* that plea, *see Knox*, 287 F.3d at 670. Counsel further observes that the court failed to admonish Smith about the mandatory $100 special assessment, *see* Fed. R. Crim. P. 11(b)(1)(L), but this omission necessarily was harmless because Smith was told that he could be fined up to $250,000. Finally, counsel posits that perhaps the court did not do enough to assure Smith's understanding of the proceedings after Smith said he was having difficulty hearing the judge. Counsel recognizes, though, that this contention goes nowhere because the judge accommodated Smith by speaking louder, and neither counsel nor Smith has asserted that Smith was unable to hear any part of the colloquy. Counsel is thus correct that a Rule 11 argument constructed around any of these perceived inadequacies would be frivolous.

Counsel also evaluates whether Smith might argue that his prison sentence is unreasonable. We have held that a sentence within a properly calculated guidelines range is presumptively reasonable, *United States v. Paulus*, 419 F.3d 693, 700 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), so Smith would have to persuade us that the presumption falls away in this case. Counsel proposes two reasons why the presumption should give way but rejects each as frivolous. We take them in turn.

Counsel first considers whether Smith might argue on appeal that his prison term is unreasonably long because the district court did not "account for" the time he spent in state prison for his 2002 drug conviction in Illinois. Counsel theorizes

that, if the government had acted to prosecute Smith *before* the state paroled him, then his predecessor might have been able to argue for a concurrent federal sentence. (Counsel also states, without elaboration, that had the government brought the § 1326(a) charge before Smith was released from state prison, he would not have received the extra criminal history point for committing a crime within two years of his release from prison, *see* U.S.S.G. § 4A1.1(e)). It is sufficient to note, as counsel does, that Smith did not make any such argument to the district court, so it cannot be the basis for contending that his sentence is unreasonable. *See Mykytiuk*, 415 F.3d at 608 (defendant has burden to rebut presumptively reasonable guideline sentence by drawing district court's attention to 18 U.S.C. § 3553(a) factors); *United States v. Cunningham*, 429 F.3d 673, 675 (7th Cir 2005). Moreover, even if the district court had been *inclined* to impose a concurrent sentence, this potential argument is particularly frivolous because it is evident that counsel has no information suggesting that federal authorities even knew Smith was back in the United States before his traffic offense in December 2003 led to that discovery. A defendant cannot complain because his crime was not discovered sooner, and even a defendant whose offense was known to authorities has no complaint about preindictment delay unless it impaired his right to a fair trial. *United States v. Marion*, 404 U.S. 307, 324-25 (1971); *United States v. Miner*, 127 F.3d 610, 615 (7th Cir. 1997). Smith has never contended that he suffered that kind of harm.

Second, counsel and Smith explore whether an argument could be made that Smith's prison term is unreasonable because the Northern District of Illinois does not have a "fast track" program for immigration offenders. *See* Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, § 401, 117 Stat. 650, 675; U.S.S.G. § 5K3.1. This potential argument is frivolous because we have held that the absence of a fast-track program in the sentencing district is not an acceptable reason for imposing a sentence below the guidelines range. *United States v. Galicia-Cardenas*, 443 F.3d 553, 555 (7th Cir. 2006) (per curiam); *United States v. Martinez-Martinez*, 442 F.3d 539, 542 (7th Cir. 2006). In any event, Smith had no interest in fast-tracking himself because he did not plead guilty at an early stage in his case. *See United States v. Martinez-Flores*, 428 F.3d 22, 25-26 (1st Cir. 2005) ("In the typical fast-track system, defendants who agree to plead guilty at an early stage, and to waive their rights to file motions and to appeal, were rewarded with shorter sentences").

Finally, Smith argues that his offense level was improperly increased by 16 levels when the judge and not a jury determined that his 1994 convictions are aggravated felonies that qualified him for an upward adjustment under U.S.S.G. § 2L1.2(b)(1)(A). The import of *United States v. Booker*, 543 U.S. 220 (2005), is that there is no role for a jury in arriving at the appropriate guidelines range. *See United States v. Hale*, No. 05-1922, 2006 WL 1458206, at *15 (7th Cir. May 30,

2006) (per curiam); *United States v. Belk*, 435 F.3d 817, 819 (7th Cir. 2006).  The holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is still relevant with respect to statutory enhancements, except those for recidivism.  *See Jones v. Hulick*, No. 04-2759, 2006 WL 1493591, at \*5 (7th Cir. June 1, 2006); *United States v. Farris*, No. 05-1781, 2006 WL 1420818, at \*2 (7th Cir. May 25, 2006).  Thus, while Smith faced an enhanced statutory maximum of 20 years because the 1994 convictions that preceded his removal are both aggravated felonies, *see* 8 U.S.C. § 1326(b)(2), prior convictions remain excluded from the limitations on judicial factfinding, *Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998); *United States v. Pittman*, 418 F.3d 704, 709 (7th Cir. 2005).  This potential argument is therefore frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.