

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-2-2006

# Horning v. Lavan

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4609

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Horning v. Lavan" (2006). *2006 Decisions.* Paper 379.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/379

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 04-4609

———

CHRISTOPHER MICHAEL HORNING,

Appellant

v.

THOMAS LAVAN, Superintendent of SCI Dallas;
DISTRICT ATTORNEY OF THE COUNTY OF DAUPHIN;
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-cv-00155)
District Judge: Honorable William W. Caldwell

———

Argued September 11, 2006

Before: SCIRICA, Chief Judge, SLOVITER and BARRY, Circuit Judges

(Filed: October 2, 2006)

———

Dennis E. Boyle   (Argued)
Camp Hill, PA 17011

    Attorney for Appellant

James P. Barker   (Argued)
Office of the District Attorney
Harrisburg, PA l7101

    Attorney for Appellees

———

SLOVITER, <u>Circuit Judge</u>.

Christopher M. Horning appeals from the Order of the District Court denying Horning's petition for a writ of habeas corpus under 28 U.S.C. § 2254 as barred by the applicable statute of limitations. Horning argued that the statute of limitations[1] should be equitably tolled because he was actually innocent. The District Court, adopting the Magistrate Judge's Report and Recommendation, rejected Horning's argument, ruling that there were no "extraordinary circumstances in this case [that] prevented [Horning] from filing a timely habeas petition with respect to his claim of an illegal sentence . . . . Additionally, . . . [Horning did not act] with reasonable diligence . . . ." App. at 193. We issued a certificate of appealability on the following issues: (1) whether a showing of actual innocence can equitably toll the limitations period; (2) if so, what standard should this Court apply in determining whether a petitioner is entitled to tolling; (3) whether "newly presented," as opposed to "newly discovered," evidence is sufficient under the standard of <u>Schlup v. Delo</u>, 513 U.S. 298 (1995).

I.

---

[1] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus must be filed within one year from the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Theft by unlawful taking is defined at 18 Pa. Cons. Stat. § 3921(a) as follows: "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof."

Horning was charged in the Dauphin County Court of Common Pleas in a criminal complaint with "removing $200 from the safe" at the convenience store where he worked. App. at 76. He was formally charged by criminal information with removing "$200 more or less." App. at 76. At the plea colloquy, Horning admitted that he stole $200 more or less, pleading guilty to theft by unlawful taking. App. at 77.

Under Pennsylvania law, a theft offense which does not qualify as a felony is a misdemeanor of the first degree, "except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and [] the amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree[.]" 18 Pa. Cons. Stat. § 3903(b)(1). A second-degree misdemeanor carries a maximum of two years in prison, 18 Pa. Cons. Stat. § 106(b)(7), whereas a first-degree misdemeanor has a five-year maximum term. Id. at § 106(b)(6). During the oral colloquy, the prosecutor asked Horning if he realized that he faced a maximum of five years, and Horning responded that he understood.

The Dauphin County court sentenced Horning on the basis of a first-degree misdemeanor to one to three years' imprisonment. Horning's motion to modify his sentence was denied on June 22, 2000; Horning did not take a direct appeal. For purposes of commencing the statute of limitations period, Horning's conviction became final on

3

July 22, 2000, i.e., thirty days after the date his motion to modify his sentence was denied. See Pa. R.A.P. 903(a).

Horning filed a pro se petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546, on January 16, 2002. Horning alleged that the police report of the incident stated that he stole $199.85, and that therefore his sentence was illegal because he pled to a second-degree misdemeanor but his sentence of one to three years' imprisonment exceeded the two-year maximum for his offense.

The Dauphin County court, sitting as the PCRA court, noted that Horning's plea "appear[ed] irregular," App. at 78, but found that the PCRA petition was untimely filed under the Pennsylvania statute that requires that a PCRA petition be filed within one year of the date the judgment of sentence becomes final. The court stated that Horning's claim that his sentence was unlawful was "compelling," but found that the PCRA time-bar was jurisdictional, and thus denied Horning's petition. App. at 80. Horning did not appeal the denial of his PCRA petition; instead he filed a state "habeas" petition, which the court also denied.

On January 22 2004, Horning filed a pro se petition in the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 2254. He later amended the petition to raise a lone claim that his sentence was unlawful. The Commonwealth responded by arguing that Horning's claim was time-barred, procedurally defaulted, and without merit. The Magistrate Judge recommended that the petition be dismissed as time-barred under 28 U.S.C. § 2244(d)(1). The Magistrate Judge rejected Horning's

4

arguments for equitable tolling and found that Horning failed to act with reasonable diligence in pursuing his claim that the sentence was unlawful. Horning filed objections to the Report and Recommendation; the District Court overruled his objections and denied the petition as time-barred. Horning then filed this appeal.

## II.

There can be no dispute that absent a showing of equitable tolling, Horning's petition is time-barred. For purposes of the AEDPA statute of limitations, Horning's judgment became final on July 22, 2000. He had one year from that date, i.e., July 22, 2001, to file a habeas petition. Id. at § 2244(d)(1)(A). He did not file his petition until January 22, 2004.[2]

Horning's claim of actual innocence relies on the Supreme Court's decision in Schlup v. Delo, 513 U.S. 298 (1995). Schlup, an inmate, was sentenced to death for participating with two others in the murder of a fourth inmate. Id. at 301-306. His first petition for habeas relief was denied by the district court and that decision was upheld by the Eighth Circuit in 1991. Id. at 306. His second petition for habeas relief in federal district court was denied; again, the Eighth Circuit affirmed. Id. at 309, 311. He then appealed to the Supreme Court and based his claim on actual innocence. Id. at 313. The Court explained that an actual innocence claim is "'not itself a constitutional claim, but

---

[2]Horning's PCRA petition, filed January 16, 2002, did not toll the statute of limitations because it was time-barred as of July 22, 2001. See 42 Pa. Cons. Stat. § 9545(b).

instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" Id. at 315 (quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)). Schlup's otherwise barred constitutional claims were based on the ineffectiveness of his counsel, see Strickland v. Washington, 466 U.S. 668 (1984), and the prosecution's withholding of evidence in contravention of Brady v. Maryland, 373 U.S. 83 (1963). Schlup, 513 U.S. at 314. The Court stated that, "[b]ecause Schlup [was] unable to establish 'cause and prejudice' sufficient to excuse his failure to present his evidence in support of his first federal petition, Schlup may obtain review of his constitutional claims only if he falls within the narrow class of cases . . . implicating a fundamental miscarriage of justice." Schlup, 513 U.S. at 314-15 (internal quotation marks and citations omitted). Horning argues that a claim of actual innocence is designed to do just that.

While Schlup's procedural obstacle was the bar against successive habeas petitions, Horning faces the procedural bar of the AEDPA statute of limitations. Horning argues that he is entitled to equitable tolling based on actual innocence, with the latter concept acting as a gateway to overcome the time-bar that the District Court found disposed of his habeas petition on the merits.

The United States Supreme Court has held that "[t]ime requirements in lawsuits between private litigants are customarily subject to 'equitable tolling[.]'" Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 95 (1990) (citation omitted) (Title VII suit). Most courts of appeals that have considered the issue have held that the AEDPA's one-year

6

statute of limitations is subject to equitable tolling. See, e.g., Souter v. Jones, 395 F.3d 577, 602 (6th Cir. 2005) (holding that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims"); Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002) (requiring that equitable tolling based on actual innocence be accompanied by "some action or inaction on the part of the respondent that prevented [the petitioner] from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations"); Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004), cert. denied, 543 U.S. 1168 (2005) (adopting the Eighth Circuit's approach in Flanders); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (holding that equitable tolling is appropriate "when a prisoner is actually innocent" and "diligently pursue[s] his federal habeas claims"); Felder v. Johnson, 204 F.3d 168, 171 & n.8 (5th Cir. 2000) (observing that a claim of actual innocence "does not constitute a 'rare and exceptional circumstance,'" but suggesting that a "showing of actual innocence" might). But see David v. Hall 318 F.3d 343, 347 (1st Cir. 2003) (holding that petitioners "who may be innocent are constrained by the same explicit statutory or rule-based deadlines as those against whom the evidence is overwhelming").

This court, in agreement with the majority, has held that the AEDPA statute of limitations is generally subject to equitable tolling. See Miller v. New Jersey State Dep't

of Corr., 145 F.3d 616, 618 (3d Cir. 1998). "[E]quitable tolling is proper . . . when the principles of equity would make [the] rigid application [of a limitation period] unfair. [Usually], this will occur when the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights." Id. at 618 (internal quotation marks and citations omitted).

However, we have yet to hold that the AEDPA statute of limitations can be equitably tolled on the basis of actual innocence. See United States v. Davies, 394 F.3d 182, 191 n.8 (3d Cir. 2005) (expressly reserving the question).

Equitable tolling necessarily entails a showing that there is a basis to invoke equity. It follows that we have held that a habeas petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [his] claims." Miller, 145 F.3d at 618-19 (internal quotation marks omitted).

The District Court found that Horning was not reasonably diligent in pursuing the claim that his sentence was illegal under Pennsylvania law. The Magistrate Judge in his Report and Recommendation, which the District Court adopted, fully explained the basis for the conclusion that Horning had not acted with reasonable diligence. The Magistrate Judge stated:

> [W]e do not find that the Petitioner acted with reasonable diligence between the time his motion to modify sentence was denied by the DCCP (June 22, 2000) and the time that he filed his PCRA petition claiming that his sentence was illegal (January 16, 2002). Petitioner's claim that he was trying to get his transcripts is of no moment, since he clearly knew of his illegal sentence claim shortly after his June 8, 2000, sentence and when he filed his motion to modify sentence on June 16, 2000.

8

Petitioner offers no explanation for the lengthy, over 1 ½ -year, delay between the time that the DCCP court denied his motion to modify sentence (June 22, 2000) and the time that he filed his PCRA petition (January 16, 2002). Nor do we find Petitioner acted with reasonable diligence between the time that his PCRA petition was denied by the DCCP in December, 2002, and the time that Petitioner sought relief in this Court on January 22, 2004. Petitioner clearly could have pursued his present illegal sentence claim long before he filed his present Habeas Corpus Petition. This is especially true since, as stated, Petitioner had already asserted this claim years before when he filed his motion to modify sentence on June 16, 2000.

Further, there is simply no claim by Petitioner that Respondents actively misled him or that he timely asserted his rights in the wrong forum.

App. at 193-94.

We are in full accord with the Magistrate Judge's conclusion, adopted by the District Court, that Horning was clearly out of time in presenting his federal habeas corpus petition on January 22, 2004, well after the expiration of the one-year time period, and failed to show the requisite diligence.

Therefore, even assuming that this court were to permit equitable tolling of the AEDPA statute of limitations when a viable claim of actual innocence has been presented, Horning's claim would nevertheless fail because he did not exercise reasonable diligence in pursuing his actual innocence claim.

For these reasons set forth above, the decision of the District Court will be affirmed.

9