In the

# United States Court of Appeals

## For the Seventh Circuit

No. 01-4336

EARL WILSON,

*Petitioner-Appellant,*

*v.*

JOHN C. BATTLES, Warden,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 CV 7969—**Wayne R. Andersen**, *Judge.*

ARGUED JUNE 3, 2002—DECIDED SEPTEMBER 10, 2002

Before BAUER, RIPPLE and KANNE, *Circuit Judges.*

BAUER, *Circuit Judge.* Petitioner Earl Wilson was convicted of two counts of first degree murder and sentenced to life imprisonment. He filed a petition for writ of habeas corpus in the district court. The court dismissed his petition as untimely. Wilson appeals and we affirm.

## BACKGROUND

Following a jury trial in the Circuit Court of Cook County, Earl Wilson was convicted of two counts of first degree murder and sentenced to life imprisonment. After an unsuccessful direct appeal, Wilson filed a petition for post-

conviction relief on October 11, 1991. The trial court dismissed this petition on February 4, 1997. The Illinois Appellate Court affirmed the dismissal of the post-conviction petition on August 11, 1999. Wilson then filed a petition for leave to appeal (PLA) in the Illinois Supreme Court. The supreme court entered an order denying Wilson's PLA on December 1, 1999.

On December 20, 2000, Wilson filed a petition for writ of habeas corpus in the district court. The court found that the habeas petition was time-barred, but applied the doctrine of equitable tolling to excuse the untimeliness. The respondent filed a motion to reconsider, which the district court granted, and Wilson's petition was then dismissed as untimely. He appeals this dismissal.

**ANALYSIS**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking federal habeas corpus relief to file his petition within one year after his state conviction becomes "final." 28 U.S.C. § 2244(d)(1)(A). The statute also provides that the time during which an application for post-conviction relief is "pending" shall not be counted toward the one-year limitation period. 28 U.S.C. § 2244(d)(2). The issue of whether a post-conviction petition is pending for habeas purposes is governed by state law. *Jefferson v. Welborn*, 222 F.3d 286, 288 (7th Cir. 2000) (holding that the Illinois Supreme Court is "the master of its own procedural rules"); *see also Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000) (whether a petition is properly filed and thus AEDPA's limitations period depends on state law). We review a district court's dismissal of a petitioner's habeas petition *de novo. Anderson v. Litscher*, 281 F.3d 672, 673 (7th Cir. 2002).

Illinois Supreme Court Rule 367 provides that a party can file a petition for rehearing within 21 days after a reviewing court's ruling in a case. Wilson first argues that the district court erred in dismissing his habeas petition because his post-conviction petition remained "pending," for purposes of the habeas statute of limitations, until the expiration of 21 days following the Court's PLA denial, during which time he was permitted to file a petition for rehearing. The Illinois Supreme Court entered an order denying his PLA on December 1, 1999 and Wilson asserts that this petition remained "pending" until December 22, 1999, when the Illinois Supreme Court lost jurisdiction to reconsider. Accordingly, he argues, his habeas petition was timely filed on December 20, 2000, because it was within the one-year AEDPA statute of limitations period.

We agree with the district court that Wilson was required to file his habeas petition on or before December 1, 2000. For purposes of habeas review, an application for collateral review is "pending" until it has "achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 122 S.Ct. 2134, 2138 (2002). In Illinois, the case law is quite clear that the judgment of an Illinois court of review is final on the day on which it is entered. *PSL Realty Co. v. Granite Inv. Co.*, 427 N.E.2d 563, 569-70 (Ill. 1981) (holding that a judgment is final when entered; "the filing of a petition for rehearing does not alter the effective date of the judgment of a reviewing court, unless that court allows the petition for rehearing, in which event the effective date of the judgment is the date that the judgment is entered on rehearing"); *Brandon v. Caisse*, 527 N.E.2d 118, 120 (Ill. App. Ct. 1988); *People v. Dukes*, 497 N.E.2d 351, 356 (Ill. App. Ct. 1986). Therefore, the judgment on Wilson's post-conviction petition became final when the Illinois Supreme Court entered its order denying Wilson's PLA—on Decem-

ber 1, 1999. *See*, *e.g.*, *Hernandez v. Caldwell*, 225 F.3d 435, 438 (4th Cir. 2000); *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999); *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (holding that a post-conviction petition tolls the one-year habeas time limit, only until the relevant state supreme court denies *certiorari*). Any provision allowing time for a rehearing petition has no bearing on AEDPA's one-year statute of limitations.

Wilson relies on case law from other circuits in which courts have held that the term "pending" encompasses time during which a petitioner could have sought further appellate review of a post-conviction petition. This argument is misplaced. In Wilson's case, further appellate review was no longer available. Instead, the state supreme court rendered a final judgment on his petition. Although his petition could be resuscitated, further review by a higher state court was no longer available and therefore, his petition was no longer "pending." *Fernandez*, 227 F.3d at 979; *see also*, *Gutierrez v. Schomig*, 233 F.3d 490, 491 (7th Cir. 2000) (holding that the one-year limitations period is not tolled during the ninety-day period that a state post-conviction petitioner could have filed, but did not file, a petition for *certiorari* review in the United States Supreme Court). Habeas petitioners are not required to ask for a rehearing of the state court's ruling in order to fulfill the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). We agree with the district court that "there is [sic] difference between giving a petitioner credit for time needed to exhaust his state court remedies prior to filing a federal case . . . and continuing to toll it after the state's highest court has ruled." *United States ex rel. Wilson v. Battles*, 2001 WL 1064536 (N.D. Ill. Sept. 10, 2001).

Wilson asserts that the Illinois Supreme Court did not render a "final judgment" on his PLA until the expiration of the 21 days for the filing of a rehearing petition. This

argument is without merit: the Illinois Supreme Court did not render *any* judgment after its order on December 1, 1999. It should be noted, as well, that Wilson never bothered to file any such rehearing petition, so his insistence that this provision has any relevance or affect on the deadline is further undermined. Wilson's state court remedies were fully exhausted once the supreme court entered its final judgment denying his PLA on December 1, 1999, and this triggered AEDPA's statute of limitations. The conviction became final for AEDPA purposes on December 1, 1999, and his failure to file a habeas petition within one year from this date warranted the dismissal.

In the alternative, Wilson argues that the district court should have applied the doctrine of equitable tolling to excuse his untimeliness. He insists that his circumstances warrant equitable tolling because his untimely petition was based on his attorney's good faith confusion about the filing deadlines and the fact that his petition was filed only 19 days late. We disagree.

Equitable tolling excuses an untimely filing when a petitioner could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time. *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). The statute of limitations under AEDPA can, in appropriate exceptional circumstances, be equitably tolled. *Id.* at 598; *see also*, *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001). Generally, a lawyer's mistake is not a valid basis for such equitable tolling. *See Taliani*, 189 F.3d at 598 (stating that "forcing the defendant to defend against the plaintiff's stale claim is not a proper remedy for negligence by the plaintiff's lawyer"). Moreover, if Wilson and his attorney were unclear about the deadline, he "should have filed by the earliest possible deadline, not the latest." *Id.* In addition, Wilson's assertion that his petition

was only 19 days late does not lend support to his position; the length of the delay in filing has no bearing on this analysis; equitable tolling will apply only to exceptional cases, regardless of how minimal the delay in filing. *See*, *e.g.*, *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (refusing to grant equitable tolling when, due to attorney error, petitioner's claim was filed only one day late).

"Equitable tolling is granted sparingly" only when "extraordinary circumstances far beyond the litigant's control . . . prevented timely filing." *Id.* We do not find anything extraordinary about Wilson's case. The district court properly concluded that the doctrine of equitable tolling was not applicable in Wilson's case.

## CONCLUSION

We hereby AFFIRM the district court's dismissal of Wilson's habeas petition.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*