NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted May 11, 2009[*]
Decided May 13, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3938

| | |
|---|---|
| DAVID LAKIN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 08 C 842 |
| GARY SKALETSKY, M.D., et al., | |
| *Defendants-Appellees.* | John W. Darrah, |
| | *Judge*. |

### O R D E R

David Lakin, a former employee of Servisair, appeals the dismissal of his wrongful-discharge complaint as time-barred. We affirm.

Lakin alleges that Servisair fired him August 31, 2001, shortly after he was injured on the job. In 2003, he filed an eight-count complaint alleging wrongful discharge, civil

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the records. *See* FED. R. APP. P. 34(a)(2).

conspiracy, and other grievances. Upon finding himself unprepared for trial, he moved to voluntarily dismiss the case. In response to his motion, the court dismissed the case in May 2005 without prejudice to refile. The court closed the case in December 2005. In May 2006 Lakin sought to amend his complaint, but the court denied the request because the case was closed. In November 2006, Lakin filed a motion to clarify that the December 2005 dismissal was without prejudice; the court granted the motion.

In 2008, Lakin initiated the current litigation by filing a new complaint that raised the same claims as in the 2003 complaint and added two claims under the Racketeer Influenced and Corrupt Organizations Act. The district court granted Servisair's motion to dismiss the complaint, explaining that the statute of limitations for all of Lakin's claims—ranging from two to five years—had expired by August 31, 2006 (the five-year marker of his discharge). The court also noted that Lakin could not avail himself of Illinois's savings statute, which allows a plaintiff one year after a voluntary dismissal to refile claims; the savings statute extended Lakin's deadline for refiling to December 2006. 735 ILCS 5/13-217. Lakin, however, did not file the current complaint until February 8, 2008, well past either deadline. The court then ruled *sua sponte* that the claims were time-barred against all other named defendants.

On appeal, Lakin does not dispute the district court's calculation of the limitations periods but argues that his claims should be equitably tolled. He asserts that he could not diligently pursue his case for three reasons: (1) his attorney affirmatively misrepresented to him in May 2006 that the case was proceeding smoothly, when in fact the court had denied his request to amend his complaint; (2) his attorney effectively abandoned him by failing to prosecute the case after March 2007, forcing him to proceed *pro se*; and (3) the court erroneously dismissed his case with prejudice by closing the case in December 2005.

Equitable tolling excuses an untimely filing when a plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time. *Lewis v. City of Chicago*, 528 F.3d 488, 492 (7th Cir. 2008); *Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001). A plaintiff seeking equitable tolling bears the burden of establishing that he pursued his rights diligently and that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Bensman v. U.S. Forest Serv.*, 408 F.3d 945, 964 (7th Cir. 2005).

None of Lakin's asserted grounds excuses his failure to timely file his claim. Firstly, neither his attorney's abandonment of the case nor the attorney's false assertions about its status are grounds for equitable tolling. *See Powell v. Davis*, 415 F.3d 722, 727 (7th Cir.

2005); *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003).  Similarly meritless is Lakin's contention that the district court dismissed his case with prejudice.  Lakin seems to misapprehend the nature of the court's disposition.  In its May 2005 order, the court specifically dismissed Lakin's suit "without prejudice to refile."  In December 2005 the court closed the case; closing a case, however, in no way prevents a dismissal from being without prejudice.  *See, e.g., Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (finding district court order closing case to be without prejudice); *Morton Int'l., Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 475 (3d Cir. 2006) (same).  Although the court agreed to amend the December 2005 order to clarify that the dismissal was without prejudice, nothing in the record suggests a disposition to the contrary.  *See* FED. R. CIV. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice.").  Lakin may have been confused when the court denied his request to amend his complaint (after the case had already been closed), but he was free to refile his claims in a new complaint.  His confusion did not excuse his untimely filing.  *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (confusion and counsel error in calculating the limitations period falls "far short of showing extraordinary circumstances necessary to support equitable tolling"); *Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002) (litigant's or attorney's mistake or confusion is not extraordinary circumstance).

AFFIRMED.