In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 15-3155

MARK ROSADO,

*Plaintiff-Appellant*,

*v.*

BILLY GONZALEZ, CHRISTIAN E. RAMIREZ, ROBERT A. KERO, and CITY OF CHICAGO,

*Defendants-Appellees*.

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:15-cv-03733 — **Rebecca R. Pallmeyer**, *Judge*.

_____

ARGUED MAY 24, 2016 — DECIDED AUGUST 10, 2016

_____

Before WOOD, *Chief Judge*, and EASTERBROOK and KANNE, *Circuit Judges*.

KANNE, *Circuit Judge*. On September 7, 2012, two Chicago Police Department ("CPD") officers, Defendants Billy Gonzalez and Christian Ramirez, pulled over a car driven by Plaintiff Mark Rosado for failing to use a turn signal. After stopping the car, the officers "claimed to have seen" a badge and handcuffs, as well as a handgun in plain view "between

the brake lever and center console." The officers arrested Rosado for unlawful possession of a weapon by a felon and for violating the armed habitual criminal statute. Defendant Officer Robert Kero approved the officers' report as establishing probable cause. Rosado was bound over for trial on September 8, 2012, after a probable cause hearing.

Rosado spent the next year and a half in jail fighting the criminal charges. In February 2014, Rosado received a copy of the dash cam video taken the evening he was arrested, which, contrary to the officers' accounts, showed that Rosado had used his turn signal, and it was operable. The state court, relying on the video, found that the officers could not have seen the traffic infraction. Accordingly, it granted Rosado's motion to quash his arrest and suppress evidence. In light of the grant of the motion, the state dismissed the case *nolle prosequi* on April 14, 2014.

Rosado filed this § 1983 lawsuit against Defendants on April 28, 2015, alleging false arrest, conspiracy to violate constitutional rights, failure to intervene, violation of due process, and a state-law respondeat superior claim.[1]

Defendants filed a motion to dismiss Rosado's false-arrest claim as barred by the two-year statute of limitations. The district court granted the motion to dismiss because Rosado's claim accrued when he was bound over for trial on September 8, 2012, and he did not file his complaint until April 28, 2015—outside the two-year statute of limitations. Because his claims of conspiracy and failure to intervene

---

[1] Rosado did not allege a state-law malicious-prosecution claim despite the fact that he alleged that the officers "agree[d] to putatively and falsely *charge*" him. (Compl. ¶ 21d (emphasis added).)

arose from the underlying false-arrest claim, those were also dismissed. The district court dismissed Rosado's due-process and respondeat-superior claims on the merits.

## I. ANALYSIS

On appeal, Rosado only challenges the district court's dismissal of three of his claims—false arrest, conspiracy, and failure to intervene—as time-barred.

A district court's dismissal on statute-of-limitations grounds constitutes a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) if the claim is "indisputably time-barred." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). We therefore review the district court's dismissal of Rosado's claims *de novo*, taking the factual allegations from Rosado's complaint as true and drawing all reasonable inferences in his favor. *Vesely v. Armslist LLC*, 762 F.3d 661, 664–65 (7th Cir. 2014).

The statute of limitations on Rosado's claims is governed by Illinois's personal-injury statute of limitations, which is two years. 735 ILCS 5/13-202; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The statute of limitations for a false-arrest claim "begins to run at the time the claimant becomes detained pursuant to legal process," meaning when the claimant is "bound over for trial." *Wallace*, 549 U.S. at 391, 397.

Rosado was bound over for trial on September 8, 2012. He concedes that his two-year statute of limitations began to run at that point and therefore expired on September 8, 2014. Because he did not file his claim until April 28, 2015, he was out of time. But, Rosado attempts to salvage his time-barred claim by arguing that he is entitled to equitable estoppel or equitable tolling.

*A. Equitable Estoppel*

Rosado cannot satisfy the requirements for application of equitable estoppel. Equitable estoppel, which is a doctrine of federal law, "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Shropshear v. Corp. Counsel of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001). Equitable estoppel presupposes "efforts by the defendant, above and beyond the wrongdoing upon which the plaintiff's claim is founded, to prevent, by fraud or deception, the plaintiff from suing in time." *Id.*

The heart of Rosado's claim for equitable estoppel is that after the police officers unlawfully detained him, they intentionally withheld the dash cam video to prevent him from bringing suit. Even if we were to accept that Defendants' alleged intentional withholding of the dash cam video is the type of active step that could give rise to equitable estoppel,[2] Rosado has not shown that any affirmative misconduct "prevent[ed him] from suing in time." *Shropshear*, 275 F.3d at 595. In other words, he cannot show causation. *See Flight Attendants Against UAL Offset v. Comm'r Internal Revenue.*, 165 F.3d 572, 577 (7th Cir. 1999) ("It is implicit in the doctrine that the conduct alleged as the basis for the estoppel have

---

[2] Although Rosado admits that he "knew he used his turn signal toggle" on the night of his arrest, he argues that he "had no way of knowing whether or not the rear turn signal light was operable and visible to the Officers." (Appellant Br. 8.) Thus, the Defendants' alleged concealment of evidence showing that the arrest was a result of their wrongdoing (rather than the signal's malfunction) could constitute the type of "hiding evidence" that justifies equitable estoppel. *See Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995). We need not decide that question.

been the *cause* of the plaintiff's not suing in time." (emphasis added)); *see also Smith v. City of Chicago Heights*, 951 F.2d 834, 840 (7th Cir. 1992) ("To prove estoppel successfully, the plaintiff must show that the defendant's conduct was improper, *and* that the plaintiff was harmed by such conduct." (emphasis added and internal quotation marks omitted)).

Rosado has not alleged that any wrongdoing by Defendants actually *caused* him to file outside the statute of limitations. At most, Defendants' conduct delayed filing. But by February 2014, Rosado had the dash cam video and knew that the officers lacked probable cause to stop his vehicle. At that point, he still had seven months remaining before the statute of limitations expired. In the absence of some allegation that Defendants continued to obstruct his ability to file his suit, or that seven months was insufficient time to file a complaint, Rosado cannot demonstrate that Defendants "actually prevent[ed Rosado] from suing in time." *Flight Attendants*, 165 F.3d at 577. Accordingly, he is not entitled to equitable estoppel.

*B. Equitable Tolling*

Rosado is also not entitled to equitable tolling. Equitable tolling, which is governed by Illinois law, may apply "if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way." *Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000). Illinois law also requires that the plaintiff act diligently to file his suit: "[E]quitable tolling does not reset the statute of limitations; instead, the doctrine requires that the plaintiff get the litigation under way promptly after the circumstance justifying delay is no longer present." *Ashafa v.*

*City of Chicago*, 146 F.3d 459, 464 (7th Cir. 1998) (internal quotation marks omitted).

Rosado did not promptly file. There cannot be any dispute that Rosado knew the officers had fabricated probable cause by February 2014, when he received the dash cam video that showed his turn-signal light blinking. At that point, he still had seven months to timely file suit. Rosado's unexplained failure to file suit within the seven months remaining on the statute of limitations precludes the applicability of equitable tolling.[3] *See Cada*, 920 F.2d at 453 (no equitable tolling where claimant had eight months remaining on statute of limitations).

*C. Remaining Claims*

We briefly address the remaining claims in Rosado's complaint. Rosado's claim of conspiracy to commit constitutional violations is a recast of his false-arrest claim, which, as we have said, is time-barred. Because a plaintiff cannot use a theory of a continuing civil conspiracy to recover for individual overt acts that would themselves be time-barred, Rosado's claim of conspiracy to commit false arrest is also time-barred. *See Scherer v. Balkema*, 840 F.2d 437, 440 (7th Cir. 1992)

---

[3] Although we have described the delay in filing as "unexplained," we are not convinced that the delay is as unexplained as it may seem. Rosado at some point had a lawyer representing him in connection with his potential civil lawsuit (albeit *not* counsel who ultimately filed Rosado's lawsuit and appeal). (Hr'g Tr. 5, Aug. 19, 2015 ("[T]his case came to me within days … before filing this case. Another lawyer had it.").) Although a lawyer's error in allowing a statute of limitations to run is not the type of extraordinary circumstance justifying equitable tolling, *see Modrowski v. Mote*, 322 F.3d 965, 967–68 (7th Cir. 2003), the error may give rise to liability for malpractice.

(explaining that "[a] rule allowing plaintiffs in civil conspiracy actions to recover only for overt acts alleged to have occurred within the applicable limitations period" prevents plaintiffs from defeating the purpose of a statute of limitations "simply by asserting that a series of separate wrongs were committed pursuant to a conspiracy" (internal quotation marks omitted)).

The same fate befalls Rosado's claim of failure to intervene. "In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation … ." *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). The underlying constitutional violation here is a time-barred false-arrest claim. Because the claim of false arrest is time-barred, the derivative claim of a failure to intervene during the false arrest is also time-barred.

Finally, because Rosado has not argued on appeal that the district court improperly dismissed his due-process and respondeat-superior claims on the merits, we do not address them here.

## II. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Rosado's suit.