**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2019[*]
Decided November 26, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 19-1310

| | |
|---|---|
| AHMED MOHAMED, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17 C 07492 |
| WESTCARE ILLINOIS, INC., *et al.*, <br>     *Defendants-Appellees*. | Virginia M. Kendall, <br> *Judge*. |

**O R D E R**

Ahmed Mohamed, a former inmate at Cook County Jail, sued jail employees for violating the Eighth and Fourteenth Amendments by failing to protect him from another inmate's attack. Mohamed did not identify any of these employees by name.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Three years after the attack, and after his retained counsel, Robert Ryan Arroyo, conceded that he had not used discovery to ascertain their names, the district court granted motions for a judgment on the pleadings. Because the court correctly reasoned that the defense of the two-year statute of limitations blocked Mohamed's federal claims, we affirm.

Based on Mohamed's allegations, which we take as true, *see Kemp v. Liebel*, 877 F.3d 346, 350 (7th Cir. 2017), the attack occurred at the jail on November 1, 2015. Mohamed lived in an open-space dormitory where he participated in a program that treated substance abuse, run by WestCare Illinois, Inc. On November 1, another participant in that program beat Mohamed viciously. This attacker, who had a history of violence, left Mohamed disfigured and in need of plates and screws in his face.

Shortly before the two-year anniversary of the attack, Mohamed sued under 42 U.S.C. § 1983. He alleged that the defendants—"unknown employees"—had knowingly endangered him by housing him near a violence-prone inmate in violation of the Eighth Amendment. If Mohamed prevailed against these employees, he alleged that under state law he could seek indemnification from their employers, WestCare, Cook County, and its Sheriff. (Mohamed also brought federal constitutional claims against the employers, but the district court dismissed those claims because they were based on the unavailable theory of respondeat superior, *see Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978), and the Sheriff, sued in his individual capacity, had no personal knowledge of the events. *See Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). Mohamed does not challenge that ruling, nor does he challenge the dismissal of his claim against the attacker, whom Mohamed never served with process.)

Over the next year, Mohamed's counsel, Arroyo, never tried to obtain through discovery the names of the "unknown employees." When discovery closed about a year after Mohamed had filed suit, and about three years after the attack, the named defendants—the employers—moved for judgment on the pleadings. They argued that the statute of limitations barred the claims against their employees because Mohamed had not named them within the two-year time limit. Mohamed responded one month later by asking the district court to extend the time for discovery. In doing so, Arroyo conceded that he had not initiated any discovery, let alone discovery to learn the employees' names, during the life of the case.

The district court denied the request for more discovery and granted the motions for judgment on the pleadings. It ruled that the statute of limitations for claims against the unknown employees expired on November 1, 2017, and because Mohamed had not named them a year later, his claims were time-barred. The court added that Mohamed offered no valid reason for tolling or extending the statute of limitations.

On appeal, Mohamed's brief fails to engage with the district court's analysis or otherwise argue why the court erred. *See* FED. R. APP. P. 28(a). Even so, we have reviewed the record and conclude that the court was correct.

A district court may enter judgment on the pleadings if the pleadings show that the statute of limitations blocks the plaintiff's claims. *See Easterling v. Thurmer*, 880 F.3d 319, 322–23 (7th Cir. 2018). For claims arising under § 1983 in Illinois, as here, the statute of limitations is two years. *Licari v. City of Chicago*, 298 F.3d 664, 667–68 (7th Cir. 2002). During that two-year period, a plaintiff ordinarily must name in his complaint any defendant he wishes to sue; otherwise his claim is time-barred. *See Gomez v. Randle*, 680 F.3d 859, 864 n.1 (7th Cir. 2012). Mohamed concedes that he did not name the individual employees within two years (indeed three) of the attack.

Although a complaint need not anticipate a response to a limitations defense, *Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 600 (7th Cir. 2012), Mohamed cannot respond to the defense under either of the two theories that he suggested to the district court—equitable tolling or estoppel. To ask a court to toll the limitations period, a plaintiff must argue that, despite exercising reasonable diligence, he was unable to discover the identities of the unknown defendants within two years. *See Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002). But Mohamed's retained counsel, Arroyo, admitted to exercising *no* diligence; he conceded to the district court that, during the first year of the litigation, he did not pursue any discovery. *See id*. at 748–49. And even if Arroyo expected the employers to disclose the names voluntarily under Federal Rule of Civil Procedure 26(a)(1), when they did not do so, he needed to show diligence on Mohamed's behalf by moving the district court to compel that disclosure, but he never did. Finally, Mohamed has not suggested to us that any defendant stopped Arroyo from asking the district court to assist him in discovering the employees' names. Thus Mohamed also could not invoke the doctrine of equitable estoppel. *See Rosado v. Gonzalez*, 832 F.3d 714, 716–17 (7th Cir. 2016).

Finally, although Mohamed contends that his attorney, Arroyo, was deficient, even if that is true the shortcomings of a plaintiff's lawyer in litigating a civil case are not a basis to shift liability to the defendants. *See Stanciel v. Gramley*, 267 F.3d 575, 580–81 (7th Cir. 2001). The proper remedy for inadequate representation lies in a malpractice action. *Id.* at 81.

AFFIRMED